UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES A. JOHNSON, JR.,                                       :
                                                             :
                            Plaintiff,      :      09 Civ. 6017 (RMB) (JCF)
                                                             :
   - against -                                               :      **ORDER**
                                                             :
MICHAEL J. ASTRUE,                                           :
Commissioner of Social Security,                             :
                                                             :
                            Defendant.      :
------------------------------------------------------------X

**I.    Background**

On or about July 1, 2009, James A. Johnson, Jr. ("Plaintiff") filed a complaint ("Complaint") against Michael J. Astrue, the Commissioner of Social Security ("Defendant" or "Commissioner"), pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Social Security Act"), seeking review of a decision ("Decision"), dated October 27, 2008, issued by an administrative law judge ("ALJ") of the Social Security Administration. (See Compl. ¶¶ 1, 7); see also Administrative Record [#7], dated Aug. 5, 2009 ("A.R."), at 9.) The ALJ denied Plaintiff's application for disability benefits under the Social Security Act, filed on August 2, 2005, on the grounds that Plaintiff is "not disabled" and "retains a residual functional capacity for light work." (A.R. at 17–18.) On May 17, 2009, the Social Security Administration's Appeals Council ("Appeals Council") denied a request from Plaintiff, dated December 17, 2008, seeking review of the Decision. (A.R. at 5–7 ("We found that [the reasons Plaintiff disagrees with the ALJ decision] do[] not provide a basis for changing the ALJ's decision.").)

On March 19, 2010, Plaintiff filed a motion for judgment on the pleadings ("Motion") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), arguing,

among other things, that the ALJ committed clear error by failing to: (1) "combine [Plaintiff's] impairments"; (2) "give controlling weight to the opinion of Dr. [Barry] Scheinfeld," Plaintiff's treating physician; (3) "set out a function by function analysis of [Plaintiff's] impairments"; (4) give Plaintiff's "subjective evidence of pain" proper weight; and (5) "prove that [Plaintiff] was able to perform any occupation . . . that he has a residual functional capacity . . . to perform" under the Social Security Act's medical vocational guidelines ("Guidelines"). (Pl. Br. in Support of Mot. for J. on the Pleadings, dated Mar. 19, 2010 ("Pl. Br."), at 13, 16, 16, 21, 23.)

On June 30, 2010, Defendant filed a cross motion to affirm the Decision and dismiss the Complaint ("Cross Motion") pursuant to Fed. R. Civ. P. 12(c), arguing, among other things, that the ALJ: (1) "clearly considered all of [P]laintiff's alleged disabling conditions"; (2) found that the "treating sources failed to show that [P]laintiff was incapacitated to the extent he alleged"; (3) "provided a function-by-function analysis"; (4) relied upon substantial evidence to support her "decision not to credit [P]laintiff's testimony"; and (5) "reasonably found . . . [that Plaintiff was] still able to perform a wide range of unskilled light work" under the Guidelines. (Mem. of Law in Support of Def. Cross-Mot. for J. on the Pleadings, dated June 29, 2010 ("Def. Mem."), at 20, 22, 23, 24.)

On December 3, 2010, Magistrate Judge James C. Francis IV, to whom this matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that Plaintiff's Motion be denied and Defendant's Cross Motion be granted, and that judgment be entered in favor of Defendant. (See Report at 1.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and [Fed. R. Civ. P.] 72, 6(a), and 6(d) . . . , the parties shall have fourteen (14) days from [December 3, 2010] to file written objections to" to the Report. (Report at 40.) To date, neither party has filed objections.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II.     Standard of Review

In the absence of objections, a district court may adopt those sections of a magistrate judge's report and recommendation that are not clearly erroneous. Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); DirecTV Latin Amer., L.L.C. v. Park 610, L.L.C., 614 F. Supp. 2d 446, 448 (S.D.N.Y. 2009). "A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge as to such matters." DirecTV, 614 F. Supp. 2d at 448; see also Knox v. Palestine Liberation Org., No. 03 Civ. 4466, 2009 WL 1765826, at *1 (S.D.N.Y. June 17, 2009).

## III.    Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference unless otherwise stated. The Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

### (1)     Impairments

Judge Francis determined that the ALJ "implicitly considered all of [Plaintiff's] impairments when she deferred to the expertise of his examining physicians and accepted their opinions." (Report at 28 (internal citations omitted)); see also Watson v. Astrue, 08 Civ. 1523, 2010 WL 1645060, at *5 (S.D.N.Y. Apr. 22, 2010); Terminello v. Astrue, No. 05 Civ. 9491,

2009 WL 2365235, at *6 (S.D.N.Y. July 31, 2009); McKinney v. Astrue, No. 05 Civ. 0174, 2008 WL 312758, at *5 (N.D.N.Y. Feb. 1, 2008).

### (2) Plaintiff's Treating Physicians

Judge Francis found that the ALJ gave "appropriate weight to the treating source opinions" and, among other things, that "the ALJ considered all of the reports and tests spanning the entire duration of [Plaintiff's] treatment," and that the last report, dated October 7, 2008, of Plaintiff's treating physician, Dr. Barry Scheinfeld, "expressed the opinion that [Plaintiff] was capable of performing tasks consistent with light work," (Report at 31, 32 (internal citations omitted)); see also Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); Punch v. Barnhart, No. 01 Civ. 3355, 2002 WL 1033543, at *12 (S.D.N.Y. May 21, 2002).

### (3) Function-by-Function Analysis

Judge Francis found that the ALJ "took into consideration those factors essential to a function-by-function analysis" by, among other things, "discuss[ing] the content of [Plaintiff's] medical records over a three-year period, three functional assessment reports, MRI and EMG results, psychological evaluations, and the [Plaintiff's] testimony, all of which reflect upon [Plaintiff's] ability to perform work-related functions." (Report at 34); see also Novak v. Astrue, No. 07 Civ. 8435, 2008 WL 2882638, at *3 (S.D.N.Y. July 25, 2008); Dillingham v. Astrue, No. 09 Civ. 236, 2010 WL 3909630, at *11 (N.D.N.Y. Aug. 24, 2010).

### (4) Credibility

Judge Francis concluded that "the ALJ was within her authority to discount [Plaintiff's] subjective complaints of disabling pain and weakness" based upon, among other things, Plaintiff's testimony that he was "capable of participating in activities inconsistent with his

characterization of the severity of his symptoms" and "the fact that the x-ray and MRI tests revealed no spinal stenosis, spinal cord compression, or actual nerve root compromise." (Report at 36–37; A.R. at 16); see also Osorio v. Barnhart, No. 04 Civ. 7515, 2006 WL 1464193, at *6 (S.D.N.Y. May 30, 2006) ("A finding of credibility made by an ALJ is entitled to deference by a reviewing court."); Montalvo v. Astrue, No. 08 Civ. 2176, 2010 WL 1223322, at *8 (E.D.N.Y. Mar. 22, 2010).

### (5) Guidelines

Judge Francis found that the ALJ's "reliance on the [Guidelines] was proper" to determine Plaintiff's ability to work because, among other reasons, "the only nonexertional limitation noted on the functional assessment forms was the need to work in an environment free from hazards and vibration, [which is] unrelated to [Plaintiff's] pain or depression." (Report at 38; A.R. at 270, 359); see also Bapp v. Bowen, 802 F.2d 601, 603 (2d Cir. 1986) ("[T]he mere existence of a nonexertional impairment does not automatically require . . . a vocational expert nor preclude reliance on the [G]uidelines."); Sapienza v. Shalala, 894 F. Supp. 728, 733 (S.D.N.Y. 1993).

## IV. Conclusion & Order

For the reasons set forth herein and therein, the Report is adopted in its entirety. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
January 11, 2011

*RMB*
RICHARD M. BERMAN, U.S.D.J.