UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES A. JOHNSON, JR.,                          :
                                                :
                        Plaintiff,              :
                                                :            09 Civ. 6017 (RMB) (JCF)
        - against -                             :
                                                :            **DECISION & ORDER**
MICHAEL J. ASTRUE,                              :
Commissioner of Social Security,                :
                                                :
                        Defendant.              :
------------------------------------------------------------X

**I.      Background**

By Order, dated January 11, 2011 ("Order"), the Court adopted the Report and Recommendation issued on December 3, 2010 by United States Magistrate Judge James C. Francis, IV ("Report"), and granted the motion of Michael J. Astrue, Commissioner of Social Security ("Defendant") to dismiss the complaint, dated July 1, 2009 ("Complaint"), filed by James A. Johnson, Jr. ("Plaintiff"). (See Order, dated Jan. 11, 2011, at 2–3.) Judge Francis found, among other things, that "[s]ubstantial evidence in the record supports that [Plaintiff] is capable of, at a minimum, sedentary work and is not disabled." (Report, dated Dec. 3, 2010, at 40.)

The Report had specifically directed that "the parties shall have fourteen (14) days from [December 3, 2010] to file written objections to this Report." (See Report, dated Dec. 3, 2010, at 40.) By letter, dated December 13, 2010, Plaintiff requested an extension of time to January 21, 2011 to file objections to the Report, (see Pl. Ltr., dated Dec. 13, 2010), and by memo endorsement, dated December 15, 2010, the Court extended the parties' time to file objections to January 10, 2011, (see Endorsement, dated Dec. 15, 2010.) Neither party filed timely objections by the time the Order was issued. (See Order, dated Jan. 11, 2011, at 3.)

On February 2, 2011, Plaintiff filed a motion for reconsideration of the Order ("Motion for Reconsideration") arguing, among other things, that the Court should reconsider its Order in light of Plaintiff's objections ("Objections"), which were filed on January 25, 2011.  (See Notice of Mot., dated Feb. 2, 2011.)  Counsel stated that the Objections were late because he had (incorrectly) "assumed that the Court had allowed" Plaintiff to file his Objections by January 21, 2011.[1]  (Pl.'s Mem. in Supp. of Mots. to Alter or Amend the J., dated Feb. 2, 2011 ("Pl. Mem."), at 3.)

In his Objections, Plaintiff argues, among other things, that the Report is "infected with legal error" because the Social Security Administrative Law Judge ("ALJ") did not: (1) "combine [Plaintiff's] impairments"; (2) give controlling weight to the opinion of Plaintiff's treating physician; and (3) give Plaintiff's "complaints of pain and its effects" proper weight. (Objections, dated Jan. 25, 2011, at 1, 8, 10, 17.)

Defendant has not submitted an opposition.

**For the reasons set forth below, Plaintiff's Motion for Reconsideration is denied.**

## II.     Legal Standard

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Cartier, a Div. of Richemont N. Am., Inc. v. Aaron Faber, Inc., 396 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) (internal quotation omitted).  "The standard for a motion for reconsideration is strict, and reconsideration 'will generally be denied unless the moving party can point to controlling

---

[1]     Plaintiff's Objections were filed fifteen days after the Court's deadline (January 10, 2011) and four days after Plaintiff's requested extension deadline (January 21, 2011).  (See Objections to Report, dated Jan. 25, 2011.)

decisions or data that overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Milano v. Astrue, No. 05 Civ. 6527, 2009 WL 1150186, at *1 (S.D.N.Y. Apr. 29, 2009) (quoting Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995)); see also Islam v. Fischer, No. 07 Civ. 3225, 2008 U.S. Dist. LEXIS 19796, at *2–3 (S.D.N.Y. Mar. 6, 2008).

**III.  Analysis**

Preliminarily, the Court finds that Plaintiff's failure to timely file objections is not excusable. See Fed. R. Civ. P. 72(b); Oliver v. Haddock, No. 08 Civ. 4608, 2010 WL 305282, at *1 (S.D.N.Y. Jan. 22, 2010) ("It is well-settled law in this Circuit that 'failure to object timely to a magistrate judge's report operates as a waiver of any further judicial review of the magistrate's decision.'") (quoting Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008)). Plaintiff's counsel had no basis to assume that the Court extended the time to file objections to January 21, 2011 (Pl. Mem., dated Feb. 2, 2011, at 2), because the record clearly reflects that the Court extended the deadline for objections to January 10, 2011, (Endorsement, dated Dec. 15, 2010.) **And, even if the Court had granted the extension sought by Plaintiff to January 21, 2011, the Objections were still late because they were not filed until January 25, 2011.** (See Objections, dated Jan. 25, 2011.)

Assuming arguendo that Plaintiff's Objections had been timely, the Court would nevertheless sustain Judge Francis' findings (following a de novo review)[2] because the record

---

[2]  Courts "make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see Deleon v. Strack, 234 F.3d 84, 86–87 (2d Cir. 2000). "As to those portions of a report to which 'no specific, written objection' is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly

and the applicable law fully support Judge Francis' recommendations. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The arguments set forth in Plaintiff's Objections were also presented to Judge Francis who correctly determined, among other things, that the ALJ: (1) "implicitly considered all of [Plaintiff's] impairments when she deferred to the expertise of [Plaintiff's] examining physicians and accepted their opinions," (Report at 28); see Watson v. Astrue, 08 Civ. 1523, 2010 WL 1645060, at *5 (S.D.N.Y. Apr. 22, 2010); (2) gave "appropriate weight to the treating source opinions," (Report at 31); see Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); and (3) "was within her authority to discount [Plaintiff's] subjective complaints of disabling pain and weakness," (Report at 36); see Osorio v. Barnhart, No. 04 Civ. 7515, 2006 WL 1464193, at *6 (S.D.N.Y. May 30, 2006); see also Islam, 2008 U.S. Dist. LEXIS 19796, at *3 (motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided") (quoting Shrader, 70 F.3d at 257).

## IV. Conclusion and Order

For the reasons stated herein, and in the Report, Plaintiff's Motion for Reconsideration [#25] is denied. The Clerk of Court is respectfully directed to close this case.

Dated: New York, New York
February 14, 2011

RMB
_____
RICHARD M. BERMAN, U.S.D.J.

---

erroneous." Spalluto v. Trump Int'l Hotel & Tower, No. 04 Civ. 7497, 2008 WL 4525372, at *1 (S.D.N.Y. Oct. 2, 2008) (quoting Fed. R. Civ. P. 72(b)).